**MEMO ENDORSED**

**WOLLMUTH MAHER & DEUTSCH LLP**

500 FIFTH AVENUE
NEW YORK, NEW YORK 10110
———————

TELEPHONE (212) 382-3300
FACSIMILE (212) 382-0050

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/22/2020

September 22, 2020

The Honorable Valerie Caproni
United States District Judge
United States District Court for the Southern District of New York
40 Foley Square, Courtroom 443
New York, New York 10007

  *QED, LLC, et al. v. Faber Daeufer & Itrato, P.C., et al.*, No. 20-cv-2767 (VEC)(SLC)

Dear Judge Caproni:

  We write on behalf of Plaintiff QED, LLC ("QED") in the above-referenced action regarding service of a subpoena on non-party Richard Keiser, the former CEO and co-director of the company at issue in this action, Level Solar, Inc. ("Level Solar"). As described below, we have been unable, despite diligent efforts, to effect service on Mr. Keiser. We respectfully request leave to serve the subpoena (updated to reflect new service and compliance dates) on Mr. Keiser by certified mail, with return receipt requested, and a copy by email to Mr. Keiser's counsel of record in the Level Solar bankruptcy case pending in this District, *In re Level Solar Inc.*, Case No. 17-13469.

  As alleged in the Amended Complaint, Mr. Keiser conspired with Defendants to secretly alter an investors' rights agreement to frustrate the ability of QED and Level Solar to remove Mr. Keiser for cause, and, after the amendment, he proceeded to mismanage and loot Level Solar, ultimately resulting in its bankruptcy. *See* Am. Cmplt. ¶¶ 1-4. Mr. Keiser is thus a key player in the events giving rise to this case. Accordingly, we drafted a subpoena to Mr. Keiser seeking the production of certain documents and filed the notice required by Rule 45 on July 28, 2020. The subpoena is attached hereto as Exhibit A.

  On July 29, 2020, we asked Mr. John Jureller, who is counsel of record for Mr. Keiser in the Level Solar bankruptcy case, whether he would accept service on Mr. Keiser's behalf. Mr. Jureller responded later that day that he would need to confer with Mr. Keiser and would revert back. However, Mr. Jureller has not responded since then, despite our multiple follow-up queries. On September 15, 2020, we made a similar inquiry regarding service on Mr. Joseph Matteo, who was counsel for Mr. Keiser in connection with the events in this suit at the time of Mr. Keiser's 2017 separation from Level Solar, and who is another counsel of record for Mr. Keiser in the Level Solar bankruptcy case. We have received no response as of the date of this writing.

Finally, we have repeatedly attempted to serve Mr. Keiser personally without success. Service was attempted on three occasions at his last known address in New York City on or about August 12, 2020, August 18, 2020, and August 19, 2020. We were informed by the process server that, according to the doorman at Mr. Keiser's building, Mr. Keiser has not been living in that building since the beginning of the COVID-19 pandemic in early March.

"District courts in this Circuit have noted that the language of Rule 45 does not explicitly demand personal service of a subpoena; indeed such language neither requires in-hand service nor prohibits alternative means of service." *Tube City IMS, LLC v. Anza Capital Partners*, LLC, 2014 WL 6361746, at *2 (S.D.N.Y. Nov. 14, 2014) (punctuation omitted).  The Second Circuit has not addressed this question, *S.E.C. v. Pence*, 322 F.R.D. 450, 453 (S.D.N.Y. 2017), but even a summons may be served by alternative means where, as here, repeated attempts have been made at personal service. *See* Fed. R. Civ. P. 4(e)(1) (incorporating in this District, New York state alternative service provisions CPLR 308(4), (5)).  The same is true for a Rule 45 subpoena. *See, e.g.*, *Pence*, 322 F.R.D. at 453; *JPMorgan Chase Bank, N.A. v. IDW Grp., LLC*, 2009 WL 1313259, at *3 (S.D.N.Y. May 11, 2009) ("[B]ecause alternative service by means of certified mail reasonably insures actual receipt of the subpoena by the witness, the 'delivery' requirement of Rule 45 will be met[.]").

In light of QED's diligent but unsuccessful attempts to serve Mr. Keiser in person and through counsel described above, QED respectfully requests permission to serve a subpoena substantially identical to Exhibit A hereto but with updated service and compliance dates by certified mail, with return receipt requested, along with a copy by email to Messrs. Jureller and Matteo. Courts in this district have approved similar methods of alternative service, where personal service has proven infeasible. *See Tube City*, 2014 WL 6361746, at *2-3 (approving service by certified mail and affixing it to the witness's door, in addition to serving counsel of record in another pending case); *JPMorgan Chase*, 2009 WL 1313259, at *3 (service by certified mail to witness's residence and place of business, leaving copies at the residence and place of business, and emailing copy to witness's employer); *cf. Pence*, 322 F.R.D. at 454 (approving service by certified mail and email, in addition to fax and telephone).

> Application GRANTED.  Plaintiff may serve the subpoena by certified mail, with return receipt requested, and by email to Mr. Keiser's counsel.

Respectfully Submitted,

SO ORDERED.

*/s/ Lyndon M. Tretter*
Lyndon M. Tretter
500 Fifth Avenue, 12th Floor
New York, New York 10110
(212) 382-3300
*Attorneys for Plaintiff QED, LLC*

*[signature]* 9/22/2020

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE

Enclosure

cc: Counsel of Record (via ECF)

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| QED, LLC, and Ronald J. Friedman, solely in his capacity as Chapter 11 Trustee of Debtor Level Solar, Inc.,<br><br>     Plaintiffs,<br><br>  v.<br><br>FABER DAEUFER & ITRATO, P.C., KENNETH ITRATO, and DAVID NICOLAISEN,<br><br>     Defendants. | Civil Action No. 20-cv-2767 (VEC) |

**PLAINTIFF'S NOTICE OF ISSUANCE OF A NON-PARTY SUBPOENA**

TO ALL PARTIES AND THEIR RESPECTIVE ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, pursuant to Rules 26, 34(c), and 45 of the Federal Rules of Civil Procedure, Plaintiff in the above-captioned action, by its counsel of record, is in the process of issuing or will issue a subpoena to the following non-party:

| **Non-Party** | **Location** | **Date** |
|---|---|---|
| Richard G Keiser | Wollmuth Maher & Deutsch LLP<br>500 Fifth Avenue<br>New York, New York 10110<br>(212) 382-3300 | 08/18/2020 |

The subpoena commands that this non-party produce documents at the time, date and place set forth above, or at such time, date, and place as may be mutually agreed upon by the non-party and Plaintiff's counsel.

A list of all parties or attorneys for parties on whom this Notice of Issuance of a Non-Party Subpoena is being served is shown on the accompanying Declaration of Service.

Dated: July 28, 2020

By:   /s/ Jennifer A. Carnovale

    Lyndon M. Tretter
    Brad J. Axelrod
    Joshua M. Slocum
    Jennifer A. Carnovale
    WOLLMUTH MAHER & DEUTSCH LLP
    500 Fifth Avenue
    New York, New York 10110
    (212) 382-3300

    *Attorneys for Plaintiff QED, LLC*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| QED, LLC, and Ronald J. Friedman, solely in his capacity as Chapter 11 Trustee of Debtor Level Solar, Inc., <br><br> Plaintiffs, <br><br> v. <br><br> FABER DAEUFER & ITRATO, P.C., KENNETH ITRATO, and DAVID NICOLAISEN, <br><br> Defendants. | Civil Action No. 20-cv-2767 (VEC) <br><br> **DECLARATION OF SERVICE** |

The undersigned hereby certifies that a true and correct copy of the foregoing Plaintiff's Notice of Issuance of a Non-Party Subpoena was caused to be served on the date appearing below by electronic mail to:

| | |
|---|---|
| Lyndon M. Tretter <br> Brad J. Axelrod <br> Joshua M. Slocum <br> Jennifer A. Carnovale <br> WOLLMUTH MAHER & DEUTSCH LLP <br> 500 Fifth Avenue <br> New York, New York 10110 <br> Telephone: (212) 382-3300 <br> Fax: (212) 382-0050 <br> Email: ltretter@wmd-law.com <br> baxelrod@wmd-law.com <br> jslocum@wmd-law.com <br> jcarnovale@wmd-law.com | Attorneys for QED, LLC |
| Daniel L. Gold <br> Jacqueline M. Weyand <br> Buchanan Ingersoll & Rooney, P.C. <br> One Biscayne Tower, Suite 1500 <br> Two South Biscayne Boulevard <br> Miami, Florida 33131 <br> Telephone: 305-347-4080 <br> Facsimile: 305-347-4089 | Attorneys for Faber Daeufer & Itrato P.C., Kenneth Itrato and David Nicolaisen |

| | |
|---|---|
| Email: daniel.gold@bipc.com<br>       jacqueline.weyand@bipc.com | |
| Anthony Acampora<br>Haley Trust<br>Silverman Acampora LLP<br>100 Jericho Quadrangle, Suite 300<br>Jericho, New York 11753<br>T: (516) 479-6300<br>F: (516) 479-6301<br>Email: AAcampora@SilvermanAcampora.com<br>       HTrust@SilvermanAcampora.com | Attorneys for Ronald J. Friedman, Chapter 11 Trustee of Debtor Level Solar, Inc. |

Dated: July 28, 2020

By:   /s/ *Jennifer A. Carnovale*

    Lyndon M. Tretter
    Brad J. Axelrod
    Joshua M. Slocum
    Jennifer A. Carnovale
    WOLLMUTH MAHER & DEUTSCH LLP
    500 Fifth Avenue
    New York, New York 10110
    (212) 382-3300

    *Attorneys for Plaintiff QED, LLC*

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

| QED, LLC | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 20-cv-2767 |
| FABER DAEUFER & ITRATO, P.C., | ) | |
| KENNETH ITRATO, and DAVID NICOLAISEN | ) | |
| *Defendant* | ) | |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Richard G Keiser
236 W 30th Street # 1000 New York, NY 10001

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place: Wollmuth Maher & Deutsch LLP<br>500 Fifth Avenue<br>New York, New York 10110 (212) 382-3300 | Date and Time:<br>08/18/2020 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 07/28/2020

CLERK OF COURT

_____     OR     *Jennifer A. Carnovale*
*Signature of Clerk or Deputy Clerk*              *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* QED, LLC
_____, who issues or requests this subpoena, are:

Jennifer A. Carnovale 500 Fifth Avenue, New York, NY 10110; (212) 382-3300; jcarnovale@wmd-law.com

**Notice to the person who issues or requests this subpoena**
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 20-cv-2767

# PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

Case 1:20-cv-02767-VEC Document 56-1 Filed 09/22/20 Page 10 of 18

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT A

Pursuant to Federal Rule of Civil Procedure 34, Plaintiff QED, LLC ("QED") in the above-captioned action requests that Richard Keiser as defined below in paragraph 1 of "Definitions," produce for inspection and copying the documents described herein that are in the possession, custody, or control of Richard Keiser.

## DEFINITIONS

1. "Keiser," "You" or "Your" means Richard Keiser.

2. The term "Communication" (or any variant thereof) is intended to be as comprehensive as the meaning provided in Local Rule 26.3(c)(1) and includes the transmittal of information, in the form of facts, ideas, inquiries, or otherwise, including but not limited to any contact between or among two or more Persons, including written contact by means such as letters, memoranda, telegrams, telecopies, telexes, e-mail, Bloomberg messages, instant messages, text messages or any other Document; the transmittal of information by any means; any oral contact such as face-to-face meetings or telephone conversations; and any writings memorializing such oral contact.

3. The terms "Document" or "Documents" are designed to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Rule 34(a)(1)(A) of the Federal Rules and Local Rule 26.3(c)(2). A draft or non-identical copy is a separate document within the meaning of this term.

4. When referring to a person, "identify" has the meaning provided in Local Rule 26.3(c)(3) and means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the

identification of that person.

5. When referring to documents, "identify" has the meaning provided in Local Rule 26.3(c)(4) and means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s), and recipient(s). In the alternative, the responding party may produce the documents, together with identifying information sufficient to satisfy Federal Rule of Civil Procedure 33(d) and Local Rule 26.3(c)(4).

6. The term "Plaintiffs" refers to the Plaintiffs in this action.

7. The term "Defendants" refers to the Defendants in this action.

8. The terms "related to," "relating to," and "concerning" mean containing any information about, constituting, evidencing, mentioning, discussing, summarizing, describing, referring to, arising out of, created in connection with, or involving the subject specified.

## INSTRUCTIONS

The following instructions apply to these requests:

1. Unless otherwise noted, all requests include the time period from August 1, 2013, to September 1, 2017, and that time period is the "relevant period."

2. These requests call for documents in the possession, custody or control of Richard Kaiser as of the date hereof, including but not limited to (i) hard-copy, (ii) e-mail and electronically-stored-information on individual computers and servers other than those under the possession custody or control of Level Solar or its bankruptcy estate and (iii) phone records, text messages, other media on or relating to personal electronic devices used by or formerly used by Richard Keiser.

3. The documents requested below shall be produced for inspection and copying at the office of Wollmuth Maher & Deutsch LLP, 500 Fifth Avenue, New York, New York, 10110.

4. **Electronic Documents (other than databases):** You shall produce responsive

2

Documents, other than databases, in single page TIFF image format with the exception of spreadsheets, including Microsoft Excel spreadsheets, which shall be produced in native format with load files in .DAT format. TIFF images shall be produced in a manner that preserves the Document's original format. Additionally, You shall deliver extracted text on a document level, representing the textual content of the electronic Document. In addition to the single page TIFF images and document level text files, You shall provide load files in .OPT format linking the TIFF images with their associated text file such that the document productions shall be loadable into document management software such as Relativity, or other similar programs.

5. **Databases:** You shall produce responsive databases as databases, or in a format that may be loaded into a database. Specifically, for responsive databases, You shall provide all tables, table schemas, relationships, and data contained therein in a manner that would enable the recreation of said structures and data in the Plaintiff's own environment. As it identifies databases or portions of databases that are discoverable, You shall inform Plaintiff that such a database has been identified before any conversion of the database is prepared so that the parties can meet and confer to discuss production details.

6. **Hardcopy Documents:** You shall produce responsive hardcopy documents in single page TIFF image format. Additionally, OCR text shall be delivered on a document level, representing the textual content of hardcopy documents. In addition to the single page TIFF images and document level text files, You shall provide load files linking the TIFFs with their associated text file such that the document productions shall be loadable into document management software such as Relativity, or other similar programs.

7. **Video and Audio Recordings and Analogous Media:** You shall produce such responsive media in a duplicate copy.

8. All information is to be produced with a Bates number.

9. All electronic Documents shall include the following metadata to the extent applicable:

| Field Name | Description |
|---|---|
| BegBates | Beginning bates number |
| EndBates | Ending bates number |
| BegAttach | Beginning bates number of the first document in an attachment range |
| EndAttach | Ending bates number of the last document in an attachment range |
| Custodian | Name of the Custodian the file was sourced from |
| FileName | Filename of the original file name of the file |
| OrigFilePath | Original path and filename of the file as it was found during the collection process |
| File_Size | Size of the file in bytes |
| DocExt | Native file extension |
| EmailSubject | Subject line extracted from an email message |
| Title | Title field extracted from the metadata of a non-email document |
| Author | Author field extracted from the metadata of a non-email document |
| From | From field extracted from an email message |
| To | To field extracted from an email message |
| CC | CC field extracted from an email message |
| BCC | BCC field extracted from an email message |
| DocSubject | Subject field extracted from the metadata of a non-email document |
| Sensitivity | Sensitivity field extracted from an email (e.g., Normal) |
| Keywords | Keywords field extracted from MS Office documents and email messages |
| Category | Category field extracted from MS Office documents and email messages |
| Comments | Comments field extracted from MS Office documents and email messages |
| DateRcvd | Received date of an email message |
| TimeRcvd | Received time of an email message |
| DateSent | Sent date of an email message |
| TimeSent | Sent time of an email message |
| DateLastPrnt | Date that a file was last printed |
| TimeLastPrnt | Time that a file was last printed |
| DateCreated | Date that a file was created |
| TimeCreated | Time that a file was created |
| DateLastMod | Date that a file was last modified |

| TimeLastMod | Time that a file was last modified |
|---|---|
| Importance | Importance field extracted from an email (e.g., High) |
| InReplyToID | IntMsgID of the email that a message is replying to |
| IntMsgID | Message ID assigned to an email message by the outgoing mail server |
| MD5Hash | MD5 hash value for the document |
| FileDescription | File type of the document |
| Mailstore | Contains the name of the mail store and path that a message originated from, if the message was processed as a part of a mail archive, such as a .pst |
| Emailclient | Description of the mail archive a file was found in, such as MS Outlook, Lotus Notes, or Outlook Express |
| Conversation | Normalized subject of emails |
| Converindex | Identifier that allows for email thread identification for MS Outlook e-mails |
| Entryid | Identifier for emails that indicates where they were found within a mail store |
| Unread | Email has been read (Y/N) flag |
| Readreceipt | Read receipt request notification (Y/N) flag |
| Delivreceipt | Delivery receipt request notification (Y/N) flag |
| Headers | Contents of the header field of an email message |
| Attach | List of the file name(s) of each attachment to an email message, separated by semi-colons |

10. Your responses to these requests shall be supplemented whenever You become aware or acquire possession of additional Documents falling within the scope of any requests as set forth herein.

11. A Document with handwritten, typewritten, electronically inserted, or other recorded notes, comments, editing marks, etc. shall not be deemed identical to one without such notations.

12. The Documents requested herein are not limited to Documents in your possession. You are also required to produce Documents in your custody and control.

13. If any Document or any portion of a Document is withheld under a claim of a privilege, furnish a list identifying each Document for which a privilege is claimed, together with the following information:

    a)    the date of the Document;

    b)    the name, present or last known home and business address, the telephone number, the title (or position), the occupation of those individuals who prepared, produced, reproduced, authored, sent or who were recipients of said Document, and where not apparent, the relationship of the author, addresses, and recipients to each other;

    c)    a description of the Document sufficient to identify it without revealing the information for which the privilege is claimed;

    d)    the type of Document (i.e., letter, memorandum, telegram, chart, photograph, etc.);

    e)    the basis on which a privilege is claimed;

    f)    the location of the Document;

    g)    the custodian of the Document; and

    h)    for electronic files, a printout of the metadata associated with that Document.

If you claim a privilege as to only a portion of a Document, produce the portion of the Document as to which you do not claim a privilege.

14. If any Document described in this request was, but no longer is, in your possession, or subject to your custody or control, or in existence, state whether (i) it is missing or lost, (ii) it has been destroyed, (iii) it has been transferred, voluntarily or involuntarily, to others, and/or (iv) it has been disposed of otherwise. In each instance, explain the circumstances surrounding such disposition and identify the person directing or authorizing the disposition and the date thereof. In addition, identify each such Document by listing its date, author or sender, all addresses or recipients, type (i.e., letter, memorandum, telegram, chart, photograph, etc.), present location and custodian, and state whether copies are still in existence.

15. The use of the singular form of any word includes the plural and vice versa.

16. The connectives "and" and "or" shall be construed either disjunctively or

6

conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of the scope in accordance with Local Rule 26.3(d)(2).

17. The terms "all," "any," and "each" shall be construed as encompassing any and all in accordance with Local Rule 26.3(d)(1).

18. The terms "include" and "including" shall be construed also to mean including but not limited to.

## REQUESTS FOR PRODUCTION

1. All Documents and Communications that You have relating to Elevate Solar and/or Level Solar.

2. Without regard to the beginning date range (*i.e.*, including documents dated beforehand), documents sufficient to show the formation, existence and subject matter of an attorney-client relationship between you and any attorney in the Defendant law firm, Faber Daeufer & Itrato, P.C., including but not limited to Kenneth Itrato and David Nicolaisen, other than in connection with Elevate Solar and/or Level Solar.

3. All notes of any meetings or Communications you had with any current or past attorneys of Elevate Solar and/or Level Solar.

4. All Documents in your possession related to any accounting, bookkeeping, or financial records from Elevate Solar and/or Level Solar.

5. All Documents and Communications between You and Defendants including, but not limited to, e-mails, text messages, time records, phone records and financial bills concerning or relating to Elevate Solar or Level Solar and/or Your employment, board position or investments in Elevate Solar or Level Solar.

7

6. Documents sufficient to show the date of Your initial retention of Joseph Matteo of Barnes and Thornburg, LLP.

Dated:  July 28, 2020

By:  /s/  Lyndon M. Tretter

Lyndon M. Tretter
Brad J. Axelrod
Joshua M. Slocum
Jennifer A. Carnovale
WOLLMUTH MAHER & DEUTSCH LLP
500 Fifth Avenue
New York, New York 10110
(212) 382-3300

*Attorneys for Plaintiff QED, LLC*

8