**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:2/12/2021

QED, LLC, and Ronald J. Friedman, solely in his
capacity as Chapter 11 Trustee of Debtor Level
Solar, Inc.,

                        Plaintiffs,

      v.

FABER DAEUFER & ITRATO, P.C.,
KENNETH ITRATO, and DAVID
NICOLAISEN,

                     Defendants.

Civil Action No. 20-cv-2767 (VEC)

**JOINT STIPULATION AND**
**[PROPOSED] CONFIDENTIALITY AND PROTECTIVE ORDER**

      This matter comes before the Court by the stipulation of Plaintiffs QED, LLC ("Plaintiff")

and Defendants Faber, Daeufer & Itrato, P.C., Kenneth Itrato, and David Nicolaisen (collectively

"Defendants," together with Plaintiff, the "Parties"), for the entry of a protective order pursuant to

Rule 26(c) of the Federal Rules of Civil Procedure, limiting the review, copying, dissemination,

and filing of confidential and/or proprietary documents and information to be produced by either

Party or their respective counsel, or by any non-party, in the course of discovery in this matter to

the extent set forth below (the "Stipulation"). Having found that the Parties, by, between, and

among their respective counsel, have stipulated and agreed to the terms set forth herein, and good

causing having been shown,

      IT IS ORDERED that:

1.     This Stipulation is being entered into to facilitate the production, exchange, and discovery

      of documents and information that the Parties agree merit confidential treatment. This

      Stipulation shall govern the handling of documents, depositions, deposition exhibits,

      interrogatory responses, admissions, electronically stored information ("ESI") and any

other information or material produced, given or exchanged by and among the Parties and any non-parties to the above-captioned action (the "Litigation") in connection with discovery in the Litigation (such information or material hereinafter referred to as "Discovery Material").

2. Either Party may designate Discovery Material in connection with this Litigation as "Confidential" or "Highly Confidential" either by notation on the document, statement on the record of the deposition, written notice to counsel for the Parties hereto, or by other appropriate means. In the case of documents produced in native, electronic form, the confidentiality can be designated on the placeholder sheet produced along with that document, or in a confidentiality metadata field.

3. As used herein:

   (a) "Confidential Information" shall mean all Discovery Material, and all information contained therein, and other information designated as "Confidential," that the Producing Party (as defined below) reasonably and in good faith believes constitutes and/or contains: confidential personal information or personal financial information, including with respect to current or former employees or investors of Plaintiff and current or former employees of Defendant(s); trade secrets or other non-public research, development, proprietary business information, sensitive information, commercial information that requires the protections provided in this Stipulation or other information the disclosure of which might, in the good faith judgment of the party designating the material as confidential, adversely affect the producing party or other parties.

2

(b) "Highly Confidential Information" shall mean all Discovery Material, and all information contained therein, and other information designated as "Highly Confidential," that the Producing Party reasonably and in good faith believes constitutes and/or contains current trade secrets, proprietary business information, privileged information, whether protected by attorney-client, work-product, or related privileges, or other information the disclosure of which would result in competitive, commercial, or financial harm to the Producing Party or its personnel, clients, or customers if disclosed, or highly sensitive confidential personal information, firm, company or enterprise financial information, or personal financial information. By designating a document as "Highly Confidential," the Producing Party affirms that its counsel of record in the Litigation has reviewed the subject document and made a good faith determination that it qualifies for protection as "Highly Confidential Information.

(c) "Protected Information" shall mean Confidential Information and Highly Confidential Information, collectively.

(d) "Producing Party" shall mean the Party to this Litigation and/or any non-party producing Protected Information in connection with discovery in this Litigation, or the Party asserting the confidentiality designation, as the case may be.

(e) "Receiving Party" shall mean the Party to this Litigation and/or any non-party receiving Protected Information in connection with discovery in this Litigation.

4. ESI designated as "Confidential" or "Highly Confidential" shall be so designated by including a "Confidential" or "Highly Confidential" notice in the body of the electronic document or by affixing a stamp with such notice to the medium (including, but not limited

to, tapes, CDs, DVDs, and flash drives) on which the ESI is stored before copies are delivered to a Receiving Party. Printouts of any such ESI designated as Confidential Discovery Material or Highly Confidential Discovery Material shall be treated in accordance with the terms of this Stipulation and Order. Notwithstanding the foregoing, Excel documents or any other type of electronically stored information produced in native format (together, "Natively Produced ESI") need not be produced using a means sufficient to ensure that every page of such document, when printed, contains the appropriate mark or stamp. Instead, the Disclosing Party shall use reasonable means to designate "Confidential" or "Highly Confidential" as appropriate, by (a) producing a TIFF placeholder image corresponding to the Natively Produced ESI that includes a "Confidential" or "Highly Confidential" mark; and (b) including "Confidential" or "Highly Confidential," as appropriate, on the label of the media or in the transmittal e-mail containing the Natively Produced ESI.

5. To the extent documents have been produced prior to entry of this Order, the designation of any Discovery Material as "Confidential" or "Highly Confidential" can be done retroactively, by letter identifying such documents. The disclosing Party shall subsequently notify any person to whom such materials have been disclosed that the materials have been so designated.

6. The designation of any Discovery Material as "Confidential" or "Highly Confidential" is not intended to, and shall not be construed as, an admission that the Discovery Material is relevant, not subject to an applicable privilege or protection, admissible, or reasonably calculated to lead to the discovery of admissible evidence. The Receiving Party may, at any time, notify the Producing Party that the Receiving Party does not concur in the

4

designation of Discovery Material as "Confidential" or "Highly Confidential Information." The Parties shall meet and confer in good faith regarding any such disagreement over the classification of Discovery Material and if the Producing Party does not agree to change the designation of such Discovery Material, the Receiving Party may move the Court for an order removing the designation of such Discovery Material as Protected Information. Upon such a motion, the Producing Party shall bear the burden to prove that the Discovery Material in question is Protected Information. If such a motion is filed, the Discovery Material shall be deemed Protected Information, with the same confidentiality designation as asserted by the Producing Party, unless and until the Court rules otherwise.

7.  In order to expedite the production of voluminous materials, a Producing Party may, but is not required to, produce materials without a detailed review for confidentiality designation and may designate collections of documents that, by their nature, contain Confidential Information as "Confidential," notwithstanding that some of the documents within the collection may not qualify for such designation. A Party's "bulk" designation of documents shall not constitute waiver of any Party's rights set forth in Paragraph 20 of this Stipulation. Notwithstanding the foregoing, a Receiving Party may at any time challenge the designation of one or more particular documents on the grounds that the document(s) do not qualify for protection, including as provided in Paragraphs 6 and 27 of this Stipulation.

8.  Except with the prior written consent of the Producing Party or by Order of the Court, Confidential Information shall not be furnished, shown, or disclosed to any person or entity except to:

(a)  counsel for the Parties to this Litigation and their associated attorneys, paralegals and other professional personnel (including support staff) who are directly assisting such counsel in the preparation of this Litigation for trial or other proceeding herein, are under the supervision or control of such counsel, and who have been advised of their obligations hereunder;

(b)  expert witnesses and members of the expert witnesses' staff working under the expert witnesses' supervision, provided, however, that such Confidential Information is furnished, shown or disclosed to them in accordance with Paragraph 10 hereof;

(c)  third-party vendors or consultants retained by the Parties or their counsel to furnish technical services in connection with this Litigation and who have been advised of their obligations hereunder;

(d)  the Court and court personnel, if filed in accordance with Paragraph 16 hereof, and any appellate courts or personnel of such courts, if applicable, to the extent an appeal arises out of the above-captioned proceedings;

(e)  an officer before whom a deposition is taken, including stenographic reporters, videographers, and any necessary secretarial, clerical, or other personnel of such officer, if furnished, shown, or disclosed in accordance with Paragraph 14 hereof;

(f)  trial and deposition witnesses, if furnished, shown, or disclosed in accordance with Paragraphs 13 and 14, respectively, hereof;

(g)  personnel of the Parties actually engaged in assisting in the preparation of this Litigation for trial or other proceeding herein and who have been advised of their obligations hereunder;

(h)     William Frey, Carrie Frey, David Nicolaisen and Kenneth Itrato and other personnel of the Faber Daeufer Itrato law firm;

(i)     former personnel of the Parties actually engaged in assisting in the preparation of this Litigation for trial or other proceeding herein provided, however, that such Confidential Information is furnished, shown, or disclosed to them in accordance with Paragraph 10 hereof;

(j)     either Parties' third-party professionals, e.g., accountants, financial advisors, to the extent that Confidential Information is relevant to those professionals' provision of services to a Party,  and

(k)     The Parties' insurers, insurers' coverage counsel, and any other person agreed to by the Parties.

9.     No disclosure of Highly Confidential Information may be made to any person or entity other than:

(a)     counsel for the Parties to this Litigation and their associated attorneys, paralegals, and other professional personnel (including support staff) who are directly assisting such counsel in the preparation of this Litigation for trial or other proceeding herein, are under the supervision or control of such counsel, and who have been advised of their obligations hereunder.  Disclosure to in-house counsel shall be limited to those in-house counsel providing legal advice in connection with this Litigation, and Highly Confidential Information that was produced by an opposing Party may not be disclosed to any other officers, directors, employees, or agents of a Party, including other in-house counsel.  For the avoidance of doubt, Highly Confidential

Information disclosed to in-house counsel may not be used for any business or other purpose unrelated to the prosecution or defense of this Litigation;

(b) expert witnesses and members of the expert witnesses' staff working under the expert witnesses' supervision, provided, however, that such Highly Confidential Information is furnished, shown or disclosed in accordance with Paragraph 10 hereof;

(c) third-party vendors or consultants retained by the Parties or their counsel to furnish technical services in connection with this Litigation and who have been advised of their obligations hereunder;

(d) William Frey, Carrie Frey, David Nicolaisen and Kenneth Itrato and other personnel of the Faber Daeufer Itrato law firm;

(e) the Court and court personnel, if filed in accordance with Paragraph 16, hereof, and any appellate courts or personnel of such courts, if applicable, to the extent an appeal arises out of the above-captioned proceedings;

(f) an officer before whom a deposition is taken, including stenographic reporters, videographers, and any necessary secretarial, clerical, or other personnel of such officer, if furnished, shown, or disclosed in accordance with Paragraph 14 hereof;

(g) trial and deposition witnesses, if furnished, shown, or disclosed in accordance with Paragraphs 13 and 14, respectively, hereof; and

(h) The Parties' insurers, insurers' coverage counsel, and any other person agreed to by the Parties.

10. Before any disclosure of Protected Information is made pursuant to Paragraphs 8(b) or 8(i), or 9(b) hereof, counsel for the Receiving Party shall obtain from the intended recipient of

the Protected Information such person's written undertaking, in the form of Exhibit A attached hereto, to comply with and be bound by its terms.

11. Protected Information shall be utilized by the Receiving Party only for purposes of this Litigation, and for no other purposes.

12. All depositions shall presumptively be treated as Confidential Information subject to this Stipulation during the deposition and until thirty (30) days after the final transcript of said deposition is received by counsel for each of the Parties. At or before the end of such thirty (30) day period, the deposition, or pages thereof, may be designated for future purposes as Confidential Information by any Party or, where applicable, by the non-party providing the deposition testimony. Notwithstanding the foregoing, all depositions at which one or more documents designated as Highly Confidential are introduced as exhibits shall be presumptively treated as Highly Confidential Information and subject to this Stipulation during the deposition and until thirty (30) days after the final transcript of said deposition is received by counsel for each of the Parties. At or before the end of such thirty (30) day period, the deposition, or pages thereof, may be designated for future purposes as Confidential or Highly Confidential Information by any Party or, where applicable, by the non-party providing the deposition testimony.

13. Should the need arise for any of the Parties to disclose Protected Information during any hearing or trial before the Court, including through argument or the presentation of evidence, such Party may do so only after taking such steps as the Court shall deem necessary to preserve the confidentiality of such Protected Information.

14. This Stipulation shall not preclude counsel for the Parties from using Protected Information during any deposition in this Litigation, provided that prior to any such use, the Party

intending to use Protected Information shall: (a) provide a copy of this Stipulation to the witness, and others to whom disclosure is intended to be made; (b) explain the Stipulation to said persons and/or cause them to read the Stipulation; and (c) request that said persons execute the undertaking attached hereto as Exhibit A, if such persons are not covered by Paragraphs 8 and 9 of this Stipulation. Should any said person refuse to execute the undertaking, counsel for the Parties may still use the Protected Information during the deposition and the Parties agree that the use of such Protected Information during the deposition shall not negate its treatment as Protected Information pursuant to this Stipulation.

15. A Party may designate as Confidential Information any Discovery Material produced or given by any non-party to this case, or any portion thereof. In the case of documents, designation shall be made by notifying all counsel, in writing, of those documents that are to be stamped and treated as Confidential Information at any time up to thirty (30) days after actual receipt of copies of those documents by counsel for the Party asserting the confidentiality designation. Prior to the expiration of such thirty (30) day period (or until a designation is made by counsel, if such a designation is made in a shorter period of time), all such documents shall be treated as Confidential Information. In the case of testimony, designation shall be made by notifying all counsel, in writing, of those portions of a transcript which are to be stamped or otherwise treated as Confidential Information at any time up to thirty (30) days after the final transcript is received by counsel for the Party asserting the confidentiality designation.

16. As to the filing of Discovery Material that has previously been designated as comprising or containing Protected Information:

10

(a)     Any Receiving Party who seeks to file with the Court any Discovery Material that has previously been designated by any Producing Party as comprising or containing Protected Information, and any pleading, brief, or memorandum which reproduces, paraphrases, or discloses Protected Information, shall either (a) obtain the Producing Party's permission to remove the confidentiality designation for the Protected Information, or (b) seek leave of the Court to file the Protected Information under seal, with such request containing proposed redactions as required pursuant to the Individual Practices of this Court.

(b)     All pleadings, briefs, or memoranda which reproduce, paraphrase, or disclose any documents which have previously been designated by a Party as comprising or containing Protected Information, shall identify such documents by the production number ascribed to them at the time of production.

17.     Any person receiving Protected Information shall not reveal or discuss such information with any person not entitled to receive such information under the terms hereof.

18.     Any Discovery Material that may contain Protected Information that has been inadvertently produced without identification as to its protected nature as provided in Paragraphs 2 and/or 15 of this Stipulation, may be so designated by the Party asserting the confidentiality designation by written notice to the undersigned counsel for the Receiving Party identifying the Discovery Material as "Confidential" or "Highly Confidential" within a reasonable time following the discovery that the document or information has been produced without such designation.

19.     Extracts and summaries of Protected Information shall also be treated as Confidential or Highly Confidential in accordance with the provisions of this Stipulation.

20. The production or disclosure of Protected Information shall in no way constitute a waiver of each Party's right to object to the production or disclosure of other information in this Litigation or in any other action.

21. A Producing Party's inadvertent disclosure in connection with this Litigation of one or more documents that such Producing Party believes constitute, contain or reflect information otherwise protected by the attorney-client privilege, the common interest privilege, the work product doctrine, or any other privilege or immunity from discovery ("Privileged Documents"), shall not constitute a waiver with respect to such Privileged Documents or generally of such privilege or immunity.  If a Receiving Party receives materials that appear to be subject to an attorney-client privilege, the common interest privilege, or otherwise protected by a discovery privilege or immunity, the Receiving Party must refrain from further use or examination of the materials that may be privileged, and shall immediately notify the Producing Party, in writing, that he or she possesses material that appears to be privileged.  In the event a Producing Party discovers it has inadvertently disclosed Privileged Documents, the Producing Party may provide notice to the other Parties advising of the disclosure and requesting return or destruction of the Privileged Documents. Upon such notice, the Receiving Party shall make no further use or examination of the Privileged Documents and shall immediately segregate them in a manner that will prevent further disclosure or dissemination of their contents, and, within ten (10) days of receiving such notice of inadvertent production of Privileged Documents, the Receiving Party shall destroy or return all original documents identified by the Producing Party in such notice (whether electronic or hard copy), shall destroy or delete any and all copies (whether electronic or hard copy), and shall expunge from any other

document, information or material derived from the inadvertently produced Privileged Documents. The party clawing back the inadvertently produced documents will provide the Receiving Party with a privilege log that reasonably identifies the basis for the assertion of privilege.

22. If, based on (1) the privilege log entries provided to the Receiving Party by the Producing Party, or (2) the Receiving Party's review of documents that occurred prior to the assertion of privilege and claw-back, there is a dispute over whether the clawed back documents at issue are protected from disclosure by virtue of a privilege or immunity from discovery, the original documents shall nevertheless be immediately destroyed or returned to the Producing Party along with all copies (whether electronic or hard copy) thereof. All counsel shall undertake reasonable efforts to resolve the issue of whether the documents are privileged without court intervention. To the extent counsel cannot resolve the issue, the Receiving Party may bring a motion to compel production of the Privileged Documents, but may not assert as a ground for compelling production the fact or circumstance that the Privileged Documents had already been produced. In conjunction with such a motion, the Receiving Party may request the Court review *in-camera* the clawed back documents at issue, and, if the Court so orders, the Producing Party shall provide the Privileged Documents under seal to the Court for *in-camera* review. In the event of a motion to compel production of the Privileged Documents, the burden is on the Producing Party to provide, in its opposition to the motion to compel, information regarding the content and context of the Privileged Documents sufficient to establish the applicability of any asserted privilege or immunity from discovery.

23. If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Information it has received from a Producing Party to any person or in any circumstance not authorized under this Order, the Receiving Party must promptly, after discovery of the disclosure, (a) notify the relevant Producing Party of the unauthorized disclosure(s) in writing, (b) make reasonable efforts to retrieve all copies of the Discovery Material containing Protected Information from the person or persons to whom unauthorized disclosures were made (the "Unauthorized Recipient(s)"), (c) inform the Unauthorized Recipient(s) of all the terms of this Stipulation, and (d) request the Unauthorized Recipient(s) to execute the undertaking attached hereto as Exhibit A.

24. The Parties will exchange privilege logs in a timely fashion to ensure that there is reasonable time for the resolution of any privilege disputes, and the production of any documents in connection with such resolution, prior to the close of fact discovery. Parties also need not log withheld, privileged communications or documents created on or after December 4, 2017. The Parties shall meet and confer in good faith regarding the format of the privilege logs.

25. The Parties agree that they may not have an adequate remedy at law in the event that a court of competent jurisdiction determines that there is an actual or threatened breach of this Stipulation by either Party and agree that, under such circumstances, the Parties may be entitled to specific performance and/or injunctive relief to enforce the terms hereof, in addition to any remedy to which they may be entitled at law or in equity.

26. The provisions of this Stipulation shall be binding upon the Parties. All modifications of, waivers of and amendments to this Stipulation must be in writing and signed by, or on behalf of, the Parties.

14

27. This Stipulation is entered into without prejudice to the right of either Party to seek relief from, or modification of, this Stipulation or any provisions thereof by properly noticed motion to the Court or to challenge any designation of confidentiality as inappropriate under the Federal Rules of Civil Procedure or other applicable law.

28. This Stipulation may be changed by further order of this Court, and without prejudice to the rights of a Party to move for relief from any of its provisions, or to seek or agree to different or additional protection for any particular material or information.

29. This Stipulation has no effect upon, and shall not apply to, the Parties' use of their own Discovery Material for any purpose. Nothing herein shall impose any restrictions on the use or disclosure by a Party of documents, materials, or information designated as Protected Information that has been generated or obtained lawfully by such Party independently of the proceedings in this Litigation.

30. In the event that additional Parties join or are joined in this Litigation, they shall not have access to Protected Information until the newly joined Party, by its counsel, has executed and filed with the Court its agreement to be fully bound by this Stipulation.

31. The Parties agree to be bound by the terms of this Stipulation pending the entry by the Court of this Stipulation, and any violation of its terms shall be subject to the same penalties and sanctions, as if this Stipulation had been entered by the Court.

32. If any Receiving Party is subpoenaed in any other action or proceeding, is served with a document demand or is otherwise compelled by law to produce documents (collectively, a "Demand"), and such Demand seeks Discovery Material that was produced or designated as Protected Information, or that reflects or contains Protected Information, by someone other than the Receiving Party, the Receiving Party shall give prompt written notice by

hand or electronic or facsimile transmission, within ten (10) business days of receipt of such Demand, to the Party or its counsel who produced or designated the material as Protected Information. The Receiving Party shall not produce any of the Producing Party's Protected Information, unless court-ordered or otherwise required by law, for a period of at least ten (10) days after providing the required notice to the Producing Party. If, within ten (10) days of receiving such notice, the Producing Party gives notice to the Receiving Party that the Producing Party opposes production of its Protected Information, the Receiving Party shall object, citing this Stipulation, and not thereafter produce such Protected Information, except as required by law. The Producing Party shall be solely responsible for pursuing any objection to the requested production. Nothing herein shall be construed as requiring the Receiving Party or anyone else covered by this Stipulation to challenge or appeal any order requiring production of Protected Information covered by this Stipulation, or to subject itself to any penalties for non-compliance with any legal process or order, or to seek any relief from this Court. In the event that Protected Information is produced to a non-party to this Stipulation in response to a Demand, such Discovery Material shall continue to be treated in accordance with the designation as Confidential or Highly Confidential Information by the Parties to this Stipulation.

33. For the avoidance of doubt, nothing herein shall preclude counsel from giving advice to his or her client in this Litigation that includes an evaluation of Protected Information.

34. Any Party, in conducting discovery from non-parties in connection with the Litigation, must provide any non-party from which it seeks discovery with a copy of this Order so as to inform each such non-party of his, her or its rights herein. If a non-party provides discovery to any Party in connection with the Litigation, the provisions of this Order shall

apply to such discovery as if such discovery were being provided by a Party. Under such circumstances, the non-party shall have the same rights and obligations under the Order as held by the Parties. For the avoidance of doubt, non-parties may designate Discovery Material as Confidential or Highly Confidential Information pursuant to Paragraphs 3(a) and 3(b) as set forth herein.

35. This Stipulation shall continue to be binding after the conclusion of this Litigation except (a) that there shall be no restriction on documents that are used as exhibits in Court (unless such exhibits were filed under seal and never unsealed); and (b) that a Party may seek the written permission of the Producing Party or further order of the Court with respect to dissolution or modification of the Stipulation.

36. Nothing herein shall be deemed to waive any privilege recognized by law, or shall be deemed an admission as to the admissibility in evidence of any facts or documents revealed in the course of disclosure.

37. Within one hundred eighty (180) days after the final termination of this Litigation by settlement (including, to the extent applicable, final court approval of such settlement) or exhaustion of all appeals, all Protected Information produced or designated and all reproductions thereof, shall be returned to the Producing Party or shall be destroyed, at the option of the Producing Party, which option shall be communicated in writing to the Receiving Party promptly. In the event that any Producing Party opts for destruction of its Protected Information, the Receiving Party shall certify, in writing, within one hundred eighty (180) days of the final termination of this Litigation that it has undertaken its best efforts to destroy such physical objects and documents, and that such physical objects and documents have been destroyed to the best of its knowledge. These best efforts need not

include destroying Protected Information residing on back-up tapes or other disaster recovery systems.  Notwithstanding anything to the contrary, counsel of record for the Parties may retain copies of documents constituting work product, reports, pleadings, motion papers, discovery responses, deposition and trial transcripts, and deposition and trial exhibits.  This Stipulation shall not be interpreted in a manner that would violate any applicable canons of ethics or codes of professional responsibility.  Nothing in this Stipulation shall prohibit or interfere with the ability of counsel for any Party, or of experts specially retained for this case, to represent any individual, corporation, or other entity adverse to any Party or its affiliate(s) in connection with any other matters.  For the avoidance of doubt, experts, third-party vendors, and consultants who have received Protected Information shall also be required to return or destroy such Protected Information pursuant to the terms of this paragraph.

38.  During the pendency of this Litigation, the Court shall retain jurisdiction over this Order, and persons who receive Discovery Material that has been designated "Confidential" or "Highly Confidential" shall be subject to this Order, including any proceedings relating to their performance under, or compliance with, this Order.

39.  To maximize the security of information in transit, any media on which Protected Information is produced shall be encrypted by the Producing Party.  In such cases, the Producing Party shall transmit the encryption key or password to the Receiving Party, under separate cover, contemporaneously with sending the encrypted media.  If a party provides another party's Protected Information to a third party, as identified and permitted under this Protective Order, that party shall comply with the requirements of this paragraph as if it were the Producing Party.

Dated: February 12, 2021
New York, New York

WOLLMUTH MAHER & DEUTSCH LLP

_/s/ Joshua M. Slocum_
Lyndon M. Tretter
Brad J. Axelrod
Joshua M. Slocum
Jennifer A. Carnovale
500 Fifth Avenue, 12th Floor
New York, New York 10110
(212) 382-3300

*Attorneys for Plaintiff QED, LLC*

-and-

BUCHANAN INGERSOLL & ROONEY PC

_/s/ Daniel L. Gold_
Daniel L. Gold
Jacqueline M. Weyand
640 5th Avenue, 9th Floor
New York, New York 10104
(212) 440-4400

*Attorneys for Defendants Faber Daeufer & Itrato,*
*P.C., Kenneth Itrato, and David Nicolaisen*

**EXHIBIT A**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| QED, LLC, and Ronald J. Friedman, solely in his capacity as Chapter 11 Trustee of Debtor Level Solar, Inc., <br><br>            Plaintiffs, <br>     v. <br><br> FABER DAEUFER & ITRATO, P.C., KENNETH ITRATO, and DAVID NICOLAISEN, <br><br>            Defendants. | Civil Action No. 20-cv-2767 (VEC) |

**UNDERTAKING FOR THE USE OF CONFIDENTIAL INFORMATION**

I, _____, state that:

1.     My business address is _____

2.     My present employer is _____

3.     My present occupation or job description is _____

4.     I have received a copy of the Joint Stipulation and Confidentiality Order and Protective Order (the "Stipulation") entered in the above-entitled action (the "Litigation") on _____

5.     I have carefully read and understand the provisions of the Stipulation.

6.     I will comply with all of the provisions of the Stipulation.

7.     I will hold in confidence, will not disclose to anyone not qualified under the Stipulation, and will use only for purposes of this Litigation, any Confidential or Highly Confidential Information that is disclosed to me.

8.      At the conclusion of my work on this matter, I will return or destroy, to the extent permitted by law, all Confidential or Highly Confidential Information that comes into my possession, and documents or things that I have prepared relating thereto, to counsel for the Party by whom I am employed or retained, or to counsel from whom I received the Confidential or Highly Confidential Information.

9.      I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Stipulation in this Litigation.


Dated: _____          By: _____

SO ORDERED:

Date: 2/12/2021
New York, New York

Hon. VALERIE CAPRONI
United States District Judge